IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv67

| | |
|---|---|
| SHELLEY B. RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER OF REMAND |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the following:

1. The Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 8];

2. The Plaintiff's Motion for Summary Judgment [Doc. 10]; and

3. The Defendant's Response [Doc. 12] which contains a motion to reverse and remand within the body of the Response.

In all three pending matters, the parties agree that the appropriate disposition of this case is reversal and remand pursuant to Sentence Four of 42 U.S.C. Section 405(g) [Doc. 11]. Sentence Four of 42 U.S.C. §405(g) provides, in pertinent part, that "[t]he court shall have power to enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The parties here have moved for reversal of the decision of the Defendant and for remand for further administrative proceedings.  Specifically, the parties seek remand for the consideration of additional evidence.

    Upon remand to the Commissioner, the Appeals Council shall assign this case to a new administrative law judge (ALJ).  The Appeals Council will instruct the new ALJ to: (1) evaluate the medical source opinions of consultative examiners Deborah Barnett, Ph.D. and Stephen Burgess, M.D. and give each weight, citing specific evidence in support; (2) further develop and update the evidence of record concerning the nature and severity of the Plaintiff's medical and mental impairments; (3) if necessary, obtain evidence from medical experts to clarify the nature and severity of the Plaintiff's medical and mental impairments; (4) if necessary, further consider the residual functional capacity on the updated record; and (5) as appropriate, secure supplemental evidence from a vocational expert clarifying the effect of the assessed limitations on the occupational base.  The Court finds remand is appropriate. <u>Melkonyan v. Sullivan</u>, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Receive New and Material Evidence and Remand Case [Doc. 8], the Plaintiff's Motion for Summary Judgment [Doc. 10], and the Defendant's Response [Doc. 12] which contains a motion to reverse and remand within the body of the Response are each hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the decision of the Commissioner of Social Security is hereby **REVERSED** and the case is hereby **REMANDED**.

**IT IS FURTHER ORDERED** that upon remand, the Commissioner shall comply with the directives contained within this Order.

The Clerk of Court shall enter separate Judgment of Remand simultaneously herewith. The Clerk of Court is notified that this is a final judgment closing the case.

Signed: September 13, 2012

Martin Reidinger
United States District Judge