# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv67

| | |
|---|---|
| SHELLEY B. RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Payment of Attorney's Fees [Doc. 16] and the parties' Joint Motion for Attorney Fees [Doc. 17].

The parties agree that the appropriate award of attorney's fees is the amount of Two Thousand Four Hundred Forty-Two Dollars and Fifty Cents ($2,442.50) in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d). The Plaintiff has filed an Assignment of Fees in which she assigns any such award directly to counsel. [Doc. 16-2]. The Court finds that the Commissioner should accept the assignment of the awarded fees by the Plaintiff to her attorney and

shall pay that award of fees directly to Plaintiff's counsel; provided however, it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset.  Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).  In the event that the Plaintiff does, in fact, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to her attorney.

In addition, should counsel receive an attorney's fee award pursuant to the Social Security Act, he shall refund to the Plaintiff the smaller award.  42 U.S.C. §206(b)(2).  Finally, although the cost of the filing fee may be reimbursed, such reimbursement must be from the Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Payment of Attorney's Fees [Doc. 16] and the parties' Joint Motion for Attorney Fees [Doc. 17] are hereby **GRANTED** and the Plaintiff is hereby awarded attorney's fees in the amount of Two Thousand Four Hundred Forty-Two Dollars and Fifty Cents ($2,442.50) which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. §2412(d) and subject to the

limitations set forth herein.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later that thirty (30) days from entry of this Order. Provided that the Plaintiff does not owe any debt to the United States Government which is subject to offset, the Commissioner shall honor the Assignment of fees. In the event that the Plaintiff does, however, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to her attorney.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. §2412(d) may be filed.

**IT IS FURTHER ORDERED** that Three Hundred Fifty Dollars and No Cents ($350.00) for the cost of filing fees are to be reimbursed to the Plaintiff from the Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

Signed: October 26, 2012

Martin Reidinger
United States District Judge